[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14182
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00030-LC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS STACEY MCDONALD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 16, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Stacey McDonald pleaded guilty to theft of government property valued at over $1,000, in violation of 18 U.S.C. § 641. McDonald's Presentence Investigation Report (PSR) recommended a sentence guideline range of 30 to 37 months, based on a criminal history category of VI, and a total offense level of 12, including a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1. Although McDonald pleaded guilty in a timely manner, the PSR did not recommend a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 because McDonald had engaged in conduct constituting obstruction of justice. Id., comment. (n.4). The district court adopted the findings of fact contained in the PSR, and sentenced McDonald to 84 months imprisonment based on the PSR's finding that McDonald's "criminal history category substantially under-represent[ed] the seriousness of [McDonald's] criminal history." See U.S.S.G. § 4A1.3(a)(1). This appeal followed.

McDonald argues here that his sentence must be vacated because the district court erred by applying the two-level obstruction of justice enhancement and by denying the two-level reduction for acceptance of responsibility. McDonald did not object to the PSR's recommendation against an adjustment for acceptance of responsibility at the time of his sentencing. Nor did he object to the obstruction of justice enhancement. "We review sentencing arguments raised for the first time

2

on appeal for plain error." United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009). "In order to find plain error, (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (quotation marks omitted). Additionally, "the decision to correct the forfeited error is within the sound discretion of the court of appeals, and we should only exercise that discretion if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1239 (quotation marks and alteration omitted).

McDonald's argument that the district court committed plain error in applying the obstruction of justice enhancement is not persuasive. Under the Guidelines, the court may assess a two-level enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The obstruction must relate to either the defendant's offense of conviction and any relevant conduct, or an otherwise closely related case, such as that of a co-defendant. Id.; see also id., comment. (n.1). Obstructive conduct may include "providing materially false information to a judge," or making a "materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." Id., comment. (n.4(F)-

3

(G)).

Here, immediately after pleading guilty, McDonald sent a signed, notarized letter to the Assistant U.S. Attorney prosecuting his case in which he made materially false statements regarding the culpability of his co-defendant and his wife, Teresa McDonald (Teresa). In pertinent part, the letter requested that the government drop "all charges" against Teresa because "[she] had no knowledge that the bike that [McDonald] told her to pick up was not paid for." The letter was forwarded to the magistrate judge presiding over Teresa's case. Teresa later pleaded guilty to theft of government property. During her plea colloquy, Teresa informed the court that the contents of the letter were untrue and asked that they be disregarded. A defendant need not have been successful in his attempt to obstruct or impede the administration of justice in order for the enhancement to apply. See United States v. Taylor, 88 F.3d 938, 944 (11th Cir. 1996). Therefore, the district court did not err in applying the obstruction of justice enhancement here.

Likewise, the district court did not err in refusing to grant McDonald a two-level reduction for acceptance of responsibility. The Guidelines provide for a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "Entry of a plea of guilty

4

prior to the commencement of trial" is evidence of acceptance of responsibility, but "[a] defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right." Id., comment. (n.3). This is particularly true where, as here, "a defendant [has] falsely denie[d], or frivolously contest[ed], relevant conduct that the court determines to be true." See id., comment. (n.1(A)). Moreover, unless it is an "extraordinary" case, "[c]onduct resulting in an [obstruction of justice] enhancement . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." See id., comment. (n.4).

"In light of our affirmance of the enhancement for obstruction of justice, [McDonald] would be entitled to an acceptance of responsibility adjustment only if this were an extraordinary case." United States v. Amedeo, 370 F.3d 1305, 1321 (11th Cir. 2004). McDonald argues that extraordinary circumstances exist here because he "admitted his guilt from day one to anyone who would listen and explained the reasons for his illegal actions: his drug addiction." We have, however, consistently held that a district court does not err in refusing to grant an acceptance of responsibility adjustment where the defendant admits his guilt, but also provides materially false information to authorities. See, e.g., id. at 1320–21; United States v. Arguedas, 86 F.3d 1054, 1060 (11th Cir. 1996).

Even if we accept for the sake of argument McDonald's claim that his case

5

is extraordinary because "[h]e simply wrote the prosecutor in an attempt to protect his wife," McDonald still cannot satisfy the requirements of the plain error test. Not only must there have been an "error" that is "plain," but that error must have affected McDonald's "substantial rights." Bonilla, 579 F.3d at 1238. In order for an error to have affected a defendant's substantial rights, the defendant "must establish a reasonable probability of a different result but for the error." United States v. Rodriguez, 627 F.3d 1372, 1382 (11th Cir. 2010) (quotation marks omitted). "That means that where the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing a reasonable probability of a different result." Id. (quotation marks omitted).

Here, at sentencing, the district court imposed a sentence above McDonald's recommended guideline range based on a determination that his "[c]riminal [h]istory [c]ategory substantially underrepresents the seriousness of [his] criminal history and the likelihood that [he will] commit other crimes." The court also stated clearly that McDonald's sentence would have been higher but for the mitigating factors presented by McDonald's attorney, which included McDonald's desire to shield his wife from criminal prosecution. Because the district court varied above the Guidelines range, on this record it is not apparent

that McDonald's sentence would have been different even if the district court had granted the acceptance of responsibility reduction.

For these reasons, McDonald's sentence is

**AFFIRMED.**